**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0035-24

FAITH HAINES,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted December 9, 2025 – Decided February 5, 2026

Before Judges Gilson and Perez Friscia.

On appeal from the New Jersey Department of Corrections.

Faith Haines, self-represented appellant.

Matthew J. Platkin, Attorney General, attorney for respondent (Christopher Weber, Assistant Attorney General, of counsel; Joseph D. Sams, Deputy Attorney General, on the brief).

PER CURIAM

Faith Haines, who is incarcerated in a correctional facility, appeals from a final agency decision by the Department of Corrections (Department), which determined she had no right to administratively appeal an on-the-spot-correction (OTSC), which resulted in a verbal reprimand. Haines argues her due process rights were violated because she was not accorded an appeal. She also contends that she was deprived of procedural rights during the hearing that resulted in her OTSC and reprimand.

Because Haines' discipline did not subject her to a "grievous loss" of rights and because we discern nothing arbitrary, capricious, or unreasonable in the Department's application of its regulation, which states that there is no right of an appeal beyond a conference for an OTSC, see N.J.A.C. 10A:4-7.2(e), we affirm the Department's decision. Given that ruling, Haines has no right to challenge the OTSC determination before us because we do not consider decisions by a Department hearing officer. Instead, appeals to us are from the final decision of the agency. See R. 2:2-3(a)(2).

I.

The facts giving rise to this appeal are not complicated. On July 23, 2024, a corrections officer observed crumbs and several open bowls containing chicken and other "food items" on Haines' bed. The officer also saw "ants

crawling all over the food and bed area." Haines was charged with committing prohibited act .651, "being unsanitary or untidy; failing to keep one's . . . quarters in accordance with posted standards" in violation of N.J.A.C. 10A:4-4.1(a)(5)(xiii).

The following day, the charge report was delivered to Haines. Haines pled not guilty and was assigned a counsel substitute. She then obtained and submitted a written statement from her cell mate.

A Department hearing officer conducted a hearing on July 26, 2024. The hearing officer considered statements from Haines, her cell-mate, the officer who observed the food and ants, and another officer who served the charges on Haines. Based on that evidence, the hearing officer found Haines guilty of committing prohibited act .651, downgraded the violation to an OTSC, and issued Haines a verbal reprimand.

Haines filed an administrative appeal from the hearing officer's decision. On July 29, 2024, her appeal form was returned to her, and she was informed that she could not appeal an OTSC determination.

Haines now appeals from the Department's determination that she had no right to an administrative appeal. She argues that the Department's failure to accord her an administrative appeal violates her due process rights. She also

contends that her due process rights were violated at the hearing because her request to review a video recording was denied and her right to cross-examine the charging officer was also denied.

A.    The Right to An Appeal.

OTSCs are considered "minor" disciplinary matters.  N.J.A.C. 10A:4-7.2(e); see also Avant v. Clifford, 67 N.J. 496, 518-19 (1975) (recognizing that OTSCs are "minor infractions").  An OTSC adjudication subjects an inmate to limited sanctions, including a verbal reprimand, limited loss of privileges, up to four hours of confinement to "the room or housing area[,]" and "up to four hours of extra work duty[.]"  N.J.A.C. 10A:4-7.3.  The Department accords limited review of an OTSC.  In that regard, the Department regulations state, in relevant part:

> The custody staff supervisor shall hold a conference within [twenty-four] hours of receipt of the On-The-Spot Disciplinary Report/Adjudication.  The inmate shall also be afforded the right to appear at the conference with the custody staff supervisor at which time the inmate may review and appeal the disciplinary report, discuss the violation and the inmate may present arguments regarding disciplinary action and challenge the proposed sanction.
>
> . . . .
>
> At the conclusion of the conference, the inmate shall receive a completed copy of the On-The-Spot

A-0035-24

> Disciplinary Report/Adjudication. Should the inmate be found guilty, a copy of the report shall be submitted to the Correction Major.
>
> [N.J.A.C. 10A:4-7.2(a) and (d).]

The regulations also state: "On-the-spot disciplinary action is considered minor in nature and as such the right afforded to the inmate to appear at the conference shall be the final appeal for a finding of guilt to an on-the-spot disciplinary adjudication." N.J.A.C. 10A:4-7.2(e). N.J.A.C. 10A:4-7.2 was adopted in 1986 and was last revised in May 2021.

The law is well-established that prisoners have limited due process rights. Avant, 67 N.J. at 529-30; Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 239-40 (App. Div. 2019). Those limited due process rights, moreover, attach and apply only to "disciplinary matters which may subject an individual to 'grievous loss' by way of punishment for serious misconduct." Avant, 67 N.J. at 519 (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)). Accordingly, due process rights do not apply to OTSCs. See Avant, 67 N.J. at 518-19. Indeed, when the New Jersey Supreme Court established the limited due process rights that must be accorded to prisoners in serious disciplinary matters, it expressly stated that it was not "concerned . . . with disciplinary response[s] to minor infractions, sometimes called 'On-The-Spot-Correction' involving slight

punishment such as verbal reprimand, temporary withdrawal of privileges, or brief confinement to tier[.]" Id. at 518.

Given that Haines' charge was downgraded to an OTSC and she was given a verbal reprimand, we discern no due process violation in the Department's decision to follow its regulations and not allow an administrative appeal beyond the hearing conducted by the neutral hearing officer. Moreover, we discern nothing arbitrary, capricious, or unreasonable in the Department's application of its regulation. In that regard, we note that those regulations have existed for several years and Haines can only challenge them as applied to her particular situation. See N.J.S.A. 52:14B-4(d); Bergen Pines Hosp. v. Dep't of Hum. Servs., 96 N.J. 456, 471 n.9 (1984) (explaining "[t]he Administrative Procedure Act provides that a proceeding to contest any rule . . . must be made within one year from the effective date of the rule").

Haines argues she was entitled to an administrative appeal because she was charged with and found guilty of prohibited act .651. Thus, she contends that she was entitled to the normal administrative appeal rights accorded under the section of the Department's regulations governing serious inmate discipline. See N.J.A.C. 10A:4-4.1; N.J.A.C. 10A:4-11.1 to -11.9. We reject that argument because Haines' charges were immediately downgraded to an OTSC and she

6

received a verbal reprimand. In short, it is the actual discipline infraction found, and the sanction imposed that governs what, if any, due process rights are accorded to an inmate.

We do note, however, that the Department failed to issue an adequate final agency determination denying Haines' right to an administrative appeal. The record on this appeal contains no written statement informing Haines that she had no appeal rights or even a citation to N.J.A.C. 10A:4-7.2(e). Instead, all the record contains is a copy of the first page of the appeal form submitted by Haines with a stamp: "RECEIVED JULY 29, 2024 EMCF CLASSIFICATION." One copy of that document in the record has a handwritten note: "Cannot appeal OTSC charges." Another copy of the document does not have the handwritten note.

The Department has an obligation to provide Haines with a written statement of its reason for denying her administrative appeal. Indeed, if there was any dispute as to why Haines was denied an administrative appeal, we would remand this matter for a more complete written final agency decision by the Department. We also point out to the Department that it has an obligation to issue a written adequate statement of its final agency decision so that we can conduct an appropriate review of the matter.

7

B.    The Alleged Due Process Violations at the Hearing.

Having determined that the Department's regulations as applied to her OTSC do not violate Haines' due process rights, we also hold that she has no right to appeal the OTSC to us.  The Department's regulations provide that "the right afforded to the inmate to appear at the conference shall be the final appeal for a finding of guilt to an on-the-spot disciplinary adjudication."  N.J.A.C. 10A:4-7.2(e).  That regulation covers both an administrative appeal and an appeal to this court.

Independently, Haines has no right to appeal to us because we do not consider decisions by a Department hearing officer.  Instead, our jurisdiction is limited to final agency decisions.  See R. 2:2-3(a)(2).  Given the minor nature of the OTSC adjudication, that adjudication does not rise to the level of a final agency decision that can be appealed to this court.  Consequently, to the extent that Haines sought to appeal from the determination by the hearing officer, we dismiss that portion of her appeal.

Affirmed in part and dismissed in part.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

8                                                    A-0035-24